# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DONTELLE CARR,<br><br>Defendant. | Case No. 19-CR-120-13-JPS<br><br><br><br>**ORDER** |

On August 16, 2024, Defendant Dontelle Carr ("Carr"), through counsel, moved for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 623. The Government has opposed the motion. ECF No. 626. Carr's counsel indicated that Carr does not intend to file a reply to the Government's opposition brief, and the deadline for a reply has passed. ECF No. 630; August 19, 2024 text order (ordering that any reply be filed within fourteen days of the Government's response). The motion is now ripe for the Court's consideration. For the reasons explained below, Carr's motion will be denied without prejudice.

1.  BACKGROUND

The Court derives these facts from Carr's motion and the Government's opposition brief. Carr pled guilty to one count of conspiracy to distribute at least 100 grams of heroin and at least 28 grams of cocaine base, and one count of possession of a firearm in furtherance of that conspiracy. ECF No. 239. Carr is currently serving a 96-month sentence in custody at FCI Memphis, where he was transferred in June 2024. ECF No. 585 at 3; *see Inmate Locator*, Fed. Bureau of Prisons,

https://www.bop.gov/inmateloc/ (last visited Dec. 2, 2024). In addition to his 96-month custodial sentence, Carr was also sentenced to four years of supervised release. ECF No. 585 at 4.

Carr moved for compassionate release due to "extraordinary and compelling" circumstances, namely, that he suffers from severe physical conditions, at least one of which may require surgery. ECF No. 623. Carr argues that these health conditions "all raise a serious risk of severe health complications or death in the confined prison setting." *Id.* Carr moves the Court to modify his sentence to either time served or home confinement. ECF No. 623-1 at 1–2.

**2.  ANALYSIS**

In evaluating a motion for compassionate release, the Court must consider

> (1) whether [Carr] has exhausted his administrative remedies; (2) *if* he has exhausted his administrative remedies, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; (3) if a warranted reduction exists, whether such a reduction is consistent with applicable policy statements of the Sentencing Commission; and (4) if so, what sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

*United States v. Redd*, No. 1:97-CR-00006-AJT, 2020 WL 1248493, at *2 (E.D. Va. Mar. 16, 2020) (emphasis added); 18 U.S.C. § 3582(c)(1)(A).

As a threshold matter, the Government submits that Carr has not exhausted his instant bases for compassionate release by filing a request relating thereto with the warden of his institution. ECF No. 626 at 5 (citing ECF No. 626-1); ECF No. 632. Courts may only consider motions for compassionate release brought by the defendant after either (1) "the defendant has fully exhausted all administrative rights to appeal a failure

of the Bureau of Prisons to bring a motion on the defendant's behalf" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). "[T]he exhaustion requirement in § 3582(c)(1)(A) is a mandatory claim-processing rule and therefore *must* be enforced when properly invoked." *United States v. Sanford*, 986 F.3d 779, 780 (7th Cir. 2021) (emphasis added). Because the Government "properly invoked [Carr's] failure to comply with § 3582(c)(1)(A)'s exhaustion requirement," and since Carr has, by declining to reply, conceded to his failure to exhaust, Carr's motion must be denied. *Id.* at 782; *Bonte v. U.S. Bank, N.A.*, jskl, 464 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver." (citing *United States v. Farris*, 532 F.3d 615, 619 (7th Cir. 2008) and *Williams v. REP Corp.*, 302 F.3d 660, 667 (7th Cir. 2002))). The Court will not entertain the merits of Carr's motion because he failed to exhaust his administrative remedies.

Both Carr and the Government relied on exhibits containing Carr's private health information ("PMI"). The parties filed appropriate motions to seal their filings in order to protect Carr's PMI. ECF Nos. 622 and 627. The Court will grant these motions.

3. **CONCLUSION**

The Court will deny Carr's motion for compassionate release without prejudice for failure to exhaust. If Carr exhausts his administrative remedies and again moves for compassionate release, the Court will then discuss the merits.

Accordingly,

**IT IS ORDERED** that Defendant Dontelle Carr's motion for compassionate release, ECF No. 623, be and the same is hereby **DENIED without prejudice;**

**IT IS FURTHER ORDERED** that Defendant Dontelle Carr's motion to seal, ECF No. 622, be and the same is hereby **GRANTED**; ECF No. 623 and its attachments shall remain sealed until further notice by the Court; and

**IT IS FURTHER ORDERED** that the Government's motion to seal, ECF No. 627, be and the same is hereby **GRANTED**; ECF No. 628 shall remain sealed until further notice by the Court.

Dated at Milwaukee, Wisconsin, this 2nd day of December, 2024.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge